Argued and submitted August 7, ballot title referred to Attorney General for modification October 4, 2001
Modified ballot title certified October 19, 2001 (332 Or 621, 33 P3d 969)

Tricia BOSAK
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48606)

33 P3d 968

Paul B. Gamson of Smith, Gamson, Diamond & Olney, Portland, filed the petition for petitioners.

Erika L. Hadlock, Assistant Attorney General, Salem, argued the cause for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.*

RIGGS, J.

---

\* Balmer, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

This proceeding is brought under ORS 250.085(2) and concerns the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has designated as Initiative Petition 49 (2002). Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review in this court. *See* ORS 250.085(2) (stating that requirement). In reviewing the Attorney General's certified ballot title, we must determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (providing the standard of review).

The proposed initiative would amend the Oregon Constitution by adding the following section:

"Section 1. For tax years beginning on or after July 1, 2003, the rate of growth of spending of state income tax revenue shall not exceed four percent (4%) per year. All state income tax revenue collected by the state in excess of the four percent allowed increase shall be returned to taxpayers in proportion to the amount each taxpayer paid. Any refund required under this section shall be made not later than 150 days after the end of the fiscal year in which the excess revenue was collected. For purposes of this section, 'state income tax revenue' means revenue collected by the imposition of the personal income tax, the corporate income taxes, and corporate excise taxes."

The Attorney General certified the following ballot title for Initiative Petition 49:

"AMENDS CONSTITUTION: LIMITS ANNUAL INCOME-TAX REVENUE SPENDING GROWTH TO FOUR PERCENT; RETURNS EXCESS REVENUE TO TAXPAYERS

"RESULT OF 'YES' VOTE: 'Yes' vote limits the annual growth in spending of state income-tax revenue to four percent; state must return all revenue exceeding limit to taxpayers.

"RESULT OF 'NO' VOTE: 'No' vote rejects four-percent limit on annual growth in spending of state income-tax

revenue; rejects requiring state to return revenue exceeding that limit.

"SUMMARY: Amends Oregon Constitution. Oregon statutes currently limit biennial growth of state appropriations for general governmental purposes to previous biennium's growth rate for personal income in Oregon. Under Oregon Constitution, the state currently must return excess income- and excise-tax revenue to taxpayers when it collects at least two percent more than it estimated it would collect. This measure adds constitutional provision limiting annual rate of growth in spending of 'state income tax revenue' (personal and corporate income taxes, corporate excise taxes) to four percent; growth limit not adjusted for population changes or inflation. Measure requires state to return to taxpayers all 'state income tax revenue' collected in excess of growth limit. Measure limits state spending of income-tax revenues without providing replacement revenues. Other provisions."

Petitioners Bosak and Sager challenge the caption, vote result statements, and summary of the Attorney General's certified ballot title on the ground that they mischaracterize the proposal as one that limits "spending growth." As to those challenges, we conclude that petitioners' arguments are not well taken.

Petitioners raise an additional challenge to the caption, claiming that the use of the word "excess" will prove confusing to voters. We agree with petitioners that the use of the word "excess" in the caption does not comply substantially with the requirements of ORS 250.035(2). The word "excess" in the caption is likely to lead voters to believe that, even if no more than the permitted four-percent increase in state income tax revenue is collected, the state will be obligated to return what it does not spend. The text of the measure demonstrates that that is not the case; thus, the caption is not accurate. Indeed, the Attorney General has acknowledged that the phrase "returns revenue exceeding limit" correctly describes the proposed measure.

Having concluded that the caption likely would confuse voters, and therefore does not comply substantially with statutory requirements, we refer the ballot title to the Attorney General for modification. *See* ORS 250.085(8) (providing

for referral); *Flanagan v. Myers*, 332 Or 318, 30 P3d 408 (2001) (determining that challenged ballot titles did not comply substantially with statutory requirements and referring those ballot titles to Attorney General for modification).

Finally, although the Attorney General asserts that it is necessary to include the words "to taxpayers" in the caption, we agree with petitioners that those words logically may be inferred. Because, under the proposed measure, taxpayers are the parties from whom the revenue originally was gathered, it is reasonable to assume that the revenue that exceeds the limit shall be returned to them.

Ballot title referred to the Attorney General for modification.